UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 11-14146

MINNY S. SOCHACKI; WEATHERGARD
WINDOW COMPANY, INC.,

    Defendants.
                                       /

**ORDER DENYING REQUEST FOR HEARING**

Pending before the court is Defendant Minny S. Sochacki's "Request for Hearing About the Garnishment and Claim for Exemptions," filed on November 16, 2016. (Dkt. #15.) Plaintiff has responded in opposition to the request (Dkt. #17.) The court had provisionally scheduled a hearing for January 9, 2017. For the following reasons, the court will deny the request and cancel the scheduled hearing.

Plaintiff brought this action on September 22, 2011, to recover amounts due on a guaranteed student loan. On November 2, 2011, Plaintiff obtained a Clerk's Entry of Judgment by Default. (Dkt. #7.) Plaintiff obtained two Writs of Continuing Garnishment against potential sources of funds, including the Michigan Department of Treasury, (Dkt. #11), and Ms. Sochcki's employer, Weathergard Window Company, Inc., (Dkt. #14). To date, the parties have reached three separate arrangements to resolve the outstanding debt, with Defendant twice agreeing to make payments of $100 per month, (Dkts. ##17-2, 17-3), then agreeing to make payments of $65 per month, (Dkt. #17-4). In its brief, Plaintiff claims that after each agreement, Defendant would eventually once again fail to

make payments, and that it has not received a voluntary payment since November 2015. (Dkt. #17, Pg. ID 61.)

On November 16, 2016, Defendant filed a Request for Hearing with the court accompanied by a signed letter explaining her initial confusion as to the nature of the loan, financial hardship, and willingness to "settle on the amount of 2,158.10 [dollars] and make 200.00 dollar payment[s] a month." (Dkt. #15, Pg. ID 51.) Plaintiff filed a response, arguing that this does not constitute a valid objection to a garnishment, and that Defendant's filing, even if construed as a request for the court to enter an installment payment order, lacks the factual support–specifically an affidavit–required by applicable state and federal procedural rules. Thereafter, Weathergard Window Company, Inc., filed its Answer, which indicated that 25% of the applicable disposable earnings, and thus the amount subject to garnishment, totaled $51.27 per week. (Dkt. #20, Pg. ID 71.)

Setting aside the question of whether a signed, handwritten letter could satisfy the requirements of a request for an installment payment order, the court will deny Defendant's underlying request on its merits. The amount that would be garnished from Defendant's wages is only very slightly more than what she is proposing to pay voluntarily. Given the relatively small outstanding balance–"$967 including costs and interest computed through October 20, 2016[,]" according to the most recent writ of continuing garnishment (Dkt. #14.)–the difference in Defendant's proposal and the likely garnishment will persist only for a few months. Defendant has evidently struggled to make voluntary payments of even $65.00 per month, though Plaintiff's brief indicated a willingness to continue settlement discussions.

Therefore, even if construed as an affidavit, Defendant's letter does not constitute evidence of financial hardship. Nor has Defendant supplied any other evidence as to her challenge of the validity of the underlying debt. In any case, that question was resolved by the Clerk's Entry of Default. Thus, no hearing is necessary. *See United States v. Jordan*, No. 04-71107, 2009 WL 1138134, at *1 (E.D. Mich. Apr. 27, 2009) (ruling that "[a] garnishment hearing is simply unnecessary in the absence of any evidence . . ."). To the extent that it is construed as an objection to the garnishment or a request for an installment payment order, the court will deny Defendant's request. However, in an abundance of caution, it will do so without prejudice in the event that Defendant is able to marshal evidence which supports her position.

IT IS ORDERED that Defendant's Request for Hearing About the Garnishment and Claim for Exemptions (Dkt. #15) is DENIED without prejudice.

IT IS FURTHER ORDERED that the hearing currently scheduled for **January 9, 2017**, is CANCELLED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 5, 2017, by electronic and/or ordinary mail.

 s/Shawna C. Burns
Case Manager Generalist
(810) 984-2056